COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Kelsey and Senior Judge Hodges


CHARLES L. BELL
                                      MEMORANDUM OPINION*
v.    Record No. 0994-03-2                PER CURIAM
                                       SEPTEMBER 2, 2003
BRUNSWICK CORRECTIONAL CENTER/
 COMMONWEALTH OF VIRGINIA


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Charles L. Bell, pro se, on brief).

            (Jerry W. Kilgore, Attorney General; Judith
            Williams Jagdmann, Deputy Attorney General;
            Edward M. Macon, Senior Assistant Attorney
            General; Scott John Fitzgerald, Assistant
            Attorney General, on brief), for appellee.


     Charles L. Bell (claimant) contends the Workers'

Compensation Commission erred in finding that Brunswick

Correctional Center/Commonwealth of Virginia (employer) was not

responsible for the cost of claimant's August 25, 2001 MRI and

its subsequent radiological interpretation on the ground that

claimant failed to prove that such medical treatment was

causally related to his compensable June 13, 1992 injury by

accident.  Upon reviewing the record and the parties' briefs, we

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.[1]

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's claim, the commission found as follows:

> The medical reports draw no connection between the claimant's work injury to his shoulder and neck, and the brain MRI to evaluate for a condition related to multiple sclerosis, a condition from which the claimant's brother also suffered. Absent a definitive statement from one of his treating or examining doctors linking the MRI to his work injury, we cannot find that the claimant has met his burden of proving that the MRI is causally related to his work accident and we cannot surmise that there is a causal connection. While the claimant reported continuing cervical pain on occasion, none of the claimant's doctors link the brain MRI to the claimant's work

[1] Employer argued in its brief that the statute of limitations contained in Code § 65.2-602 barred claimant's attempt to assert injuries other than to his right shoulder. Our affirmance of the commission's denial of claimant's claim on the ground that he failed to prove the disputed medical expenses were causally related to his compensable 1992 work-related accident is dispositive of this appeal. Thus, we decline to address employer's argument regarding the statute of limitations.

- 2 -

injury.  As the defendant points out, Dr. [Cletus] Arula [sic] did not order the brain MRI to rule out shoulder or neck pathology or to determine whether the claimant's symptoms were connected to his work injury.

In light of the lack of any persuasive medical evidence establishing a causal connection between the brain MRI and claimant's compensable June 13, 1992 injury by accident, we cannot find as a matter of law that claimant's evidence sustained his burden of proof.  Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>